IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |
| v. | * | Civil No. L-07-1016 |
| | * | Crim. No. L-03-0569 |
| NADIM MATIN, | * | |
| Petitioner. | * | |

*************

## MEMORANDUM

Pending is Petitioner Nadim Matin's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On November 1, 2004, the Court sentenced Matin to 210 months imprisonment following his jury conviction for multiple narcotics violations. Matin contends that this sentence should be vacated because the Court failed to consider factors entitling him to a sentence below the guideline range and because his trial attorney was ineffective for failing to address these factors, for failing to interview potentially exculpating witnesses, and for failing to object to evidence presented at trial.

Because the papers adequately present the issues, no hearing is necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"). For the reasons set forth below, the Court will, by separate order, deny Matin's motion and direct the Clerk to close the case.

I.     **BACKGROUND**

On July 15, 2004, a jury convicted Matin of four counts of narcotics violations: (i) conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §

846; (ii) possession with intent to distribute fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); (iii) possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and (iv) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). As stated on the verdict sheet, the jury also made specific findings with respect to the quantities of the controlled substance underlying each of the charged violations.[1]

Matin was sentenced on November 1, 2004. At sentencing, which preceded the Supreme Court's decision in United States v. Booker, Matin's counsel objected to the use of the United States Sentencing Guidelines as binding authority. The Court noted this objection and stated that, while the Court was bound by the effect of the Sentencing Guidelines as dictated by the Fourth Circuit Court of Appeals, Matin's objection was preserved. Pursuant to section 2D1.1 of the guidelines, the Court calculated a range of 210 to 262 months imprisonment, and sentenced Matin to the lowest possible sentence within that range. In doing so, the Court noted that the sentence of 210 months was adequate to serve the purposes of deterrence and punishment. The Court also included in its sentence a recommendation that Matin receive the maximum amount of vocational, educational, and drug treatment programs available.

Matin appealed this sentence. In his appellate briefs, Matin contended that the recent Booker decision and the Fourth Circuit's then-recent decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005) required his case to be remanded for a consideration of whether the sentence imposed was reasonable. The Fourth Circuit

---

[2] Specifically, the jury found that 118 grams of cocaine base was reasonably and foreseeably attributable to Matin with regards to the conspiracy to distribute cocaine base. The jury also found that Matin possessed 214 grams of cocaine base, 41.4 grams of cocaine hydrochloride, and 46.1 grams of heroin.

2

affirmed his conviction and sentence, holding that Matin's sentence was based on the jury's express findings as to drug types and quantities and was, therefore, not a violation of his Sixth Amendment rights. The Court did not address, however, Matin's argument on appeal that <u>Booker</u> and <u>Hughes</u> required a remand notwithstanding a finding that there had been no Sixth Amendment violation. Matin's petition for certiorari to the Supreme Court was denied on April 24, 2006.

On April 20, 2007, Matin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

Matin makes two principle arguments in support of his motion to vacate his sentence. First, Matin contends that he is entitled to habeas relief because the Court did not take into account the factors listed in 18 U.S.C. § 3553 in imposing a sentence at the low end of the applicable guideline range. Second, Matin advances several theories that his counsel was ineffective at trial, at sentencing, and on appeal. For the reasons that follow, Matin's arguments are unavailing.

### A. The Court's Alleged Failure to Consider the 18 U.S.C. § 3553 Factors

Under <u>Booker</u>, a sentencing court errs when it treats the United States Sentencing Guidelines as imposing a mandatory range from which the court cannot stray. <u>United States v. Booker</u>, 543 U.S. 220, 260 (2005); <u>United States v. Hughes</u>, 401 F.3d 540, 553 (4th Cir. 2005) ("The creation of the <u>Booker</u> remedial scheme thus gave rise to a separate class of error, namely, the error of treating the guidelines as mandatory at sentencing."). Matin contends that, by failing to consider the factors listed in 18 U.S.C. § 3553, the

Court approached the guidelines as mandatory. According to Matin, this entitles him to habeas relief.[2]

This argument fails. First, contrary to Matin's assertion, the record shows that the sentencing Court considered the § 3553 factors in imposing its sentence. The Court expressly stated its belief that a sentence of 210 months "is adequate to serve the purposes of deterrence and punishment" and recommended that Matin be provided "the maximum vocational counseling and training available." These statements demonstrate that the sentence imposed reflected an awareness of the factors listed in § 3553.[3]

Second, the Fourth Circuit has recognized that the error of sentencing a defendant under a mandatory guidelines regime neither "warrant[s] a presumption of prejudice" nor is properly considered a "structural error." United States v. White, 405 F.3d 208, 219-24

---

[2] According to the government's opposition, Matin's argument that the Court should have considered the § 3553 factors at sentencing has been considered and rejected on direct appeal. This assertion is unsupported in the record: the Fourth Circuit found that the Court's reliance on facts relating to the quantities of drugs possessed by Matin did not violate the Sixth Amendment because the jury expressly made those findings of fact. See United States v. Matin, No. 04-4979, 2005 WL 1926494 at *2 (4th Cir. Aug. 12, 2005) ("[N]o Sixth Amendment violation occurred because Matin's sentence was based on the jury's express findings as to drug types and quantities."). The appeals court did not consider whether another non-constitutional error may compel a remand of Matin's sentence. Because the Fourth Circuit has held that a sentence can be imposed in error even if there is no Sixth Amendment violation, the Court's prior ruling in this case does not foreclose the possibility that Matin may be entitled to habeas relief. See United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005) ("[E]ven in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather than under the advisory regime outlined in Booker is error.").

[3] Matin's position would not prevail even if the sentencing Court had neglected to incorporate these factors into Matin's sentence. In order for a non-constitutional error to form the basis of a collateral attack pursuant to 28 U.S.C. § 2255, it must involve a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). The sentencing Court's failure to reduce Matin's sentence below the applicable Guideline range based on an unspecified § 3553 factor does not amount to such a "fundamental defect."

(4th Cir. 2005). The inquiry, therefore, is whether the treatment of the guidelines as mandatory caused "actual prejudice" to Matin in that it "affect[ed] the district court's selection of the sentence imposed." Id. at 223. As in White, there is "no nonspeculative basis" for this conclusion in this case. Id. at 219 (noting, in case where defendant received sentence at bottom of applicable Guideline range, that because "[i]n any given case after Booker, a district court will calculate, consult, and take into account *the exact same guideline range* that it would have applied under the pre-Booker mandatory guidelines regime. . . . [M]ost sentences will continue to fall within the applicable guideline range.").

B. Matin's Ineffective Assistance of Counsel Claims

Matin's claims of ineffective assistance of counsel fare no better. Under the well-established Strickland standard, the petitioner bears the burden of demonstrating that (1) he received ineffective assistance of counsel; and (2) he was prejudiced by that inadequate assistance. Strickland v. Washington, 466 U.S. 668, 688 (1984). In order to establish that his counsel provided ineffective assistance, Matin must show that his attorney's conduct fell below the reasonable standard of conduct expected of attorneys. Id. Matin also must show that, but for his counsel's shortcomings, he would have obtained a more favorable result. United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998). The record does not support such conclusions on any of the theories Matin advances.

a. Alleged Failures to Raise Booker Issues

Matin contends that his counsel failed to raise his Booker arguments "in a form that would have allowed the Court of Appeals to address the question of whether or not

Booker was applied." It is clear from the appellate briefs filed, however, that Matin's counsel presented and preserved any Booker challenges. That these challenges were rejected by the Court of Appeals does not render Matin's counsel's efforts to assert them ineffective.

        b. Alleged Failures to Interview Witnesses

According to Matin, his trial counsel provided ineffective assistance by failing to call two individuals as presumably exculpating witnesses. Matin identifies the first of these individuals as James Bradley, who Matin asserts would have testified "regarding DEA agents['] testimonies and procedures used during the questioning and alleged confession of Petitioner." There is no indication, however, that Bradley would have been in a position to contradict the testimony of the two federal agents that were present during Matin's interview and post-Miranda confession.

Matin identifies the second overlooked witness as Stacy Palmer, and contends that this individual "could have testified that the drugs allegedly taken from Petitioner were not found in his car but found in the residence of 1732 Palmer Street." Again, Matin provides no facts supporting the presumption that this individual's testimony would have discredited the extensive testimony of multiple government agents regarding Matin's investigation and arrest.

"When examining the potential prejudice from failure to call witnesses, the Court must consider the totality of the evidence." United States v. Crum, 65 F.Supp.2d 348, 351 (D. Md. 1999). After such a review, the Court finds that 1) the testimony of Matin's proposed witnesses would have been impeached by the testimony of the government's witnesses, and 2) the evidence presented would have led the jury to convict Matin even if

the witnesses he proposed had testified.[4]  Accordingly, the Court finds that the omission of the testimony Matin now presents did not constitute ineffective assistance of counsel.

      c.  Alleged Failures to Object to Hearsay Evidence

Matin also argues that his counsel was ineffective in failing to object to the admission of recorded, out-of-court statements made by Matin's co-defendant Brian Sampson to a cooperating informant during an undercover investigation.  Sampson's statements were made in furtherance of an on-going conspiracy involving Sampson and Matin to distribute crack cocaine, and were therefore admissible under Federal Rule of Evidence 802(d)(2)(E).[5]  Objecting to the admission of this testimony would have been futile, and Matin's counsel was not ineffective in failing to do so.

      d.  Alleged Failures to Raise Disparities in Drug Sentences

Finally, Matin asserts that his counsel provided ineffective assistance for failing to argue that the disparity between the guideline sentences for crack cocaine and powder cocaine warranted a lower sentence.  Because the Fourth Circuit has unequivocally rejected this premise, see United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006), Matin's counsel cannot be faulted for failing to advance a baseless argument.  See id. ("[S]entencing courts should not be in the business of making legislative judgments

---

[4]  Matin also claims that his counsel was ineffective in failing to call his co-defendant Brian Sampson as a witness. Matin submitted an affidavit from Sampson in which Sampson denies providing any information to the government with respect to the charges against Matin. Because the government never asserted that Sampson had provided any information whatsoever regarding Matin's involvement in the charged crimes, Matin has failed to demonstrate how Sampson's assertions would have benefited him at trial.

[5]  Rule 801(d)(2)(E) provides that a statement is not hearsay if it is: "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered[.]"

7

concerning crack cocaine and powder cocaine. Congress has made a decision to treat crack cocaine dealers more severely than powder cocaine dealers. . . . [A]llowing sentencing courts to subvert Congress' clearly expressed will certainly does not promote respect for the law, provide just punishment for the offense of conviction, or result in a sentence reflective of the offense's seriousness as deemed by Congress.").

### III.   CONCLUSION

For the foregoing reasons, the Court will, by separate order, deny Matin's motion to vacate his sentence under 28 U.S.C. § 2255.

Dated this 8TH day of October, 2007.

_____
Benson Everett Legg
Chief Judge